88 P.3d 186

**Richard S. LEVINSON, M.D., Petitioner,**

**v.**

**The Honorable Barbara JARRETT, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge,**

**Ramona Dominguez Lopez, surviving spouse of Juan Dominguez Bazoco, deceased; Ramona Dominguez Lopez, as natural mother and next best friend of Carla Bazoco, Juan Carlos Bazoco, and Mara Jose Bazoco, the surviving minor children of Juan Dominguez Bazoco, deceased; Cruz Bazoco, individually; Jesus Manuel Bazoco, individually; and Antonio Bazoco, individually, the surviving adult children of Juan Dominguez Bazoco, deceased, Real Parties in Interest.**

**No. 1 CA–SA 03–0289.**

Court of Appeals of Arizona, Division 1, Department B.

April 22, 2004.

Jennings, Strouss & Salmon, P.L.C., By David B. Earl, Jay A. Fradkin, Sterling R. Peterson, Phoenix, Attorneys for Petitioner.

Law Offices of Glynn W. Gilcrease, Jr., P.C., By Glynn W. Gilcrease, Jr., Tempe, Attorneys for Real Parties in Interest.

## OPINION

BARKER, Judge.

¶1 This special action addresses the issue of whether an amended complaint that adds a defendant to an action can relate back to the date of the original complaint under Rule 15(c) of the Arizona Rules of Civil Procedure ("Rule 15(c)") without any showing of mistake concerning the identity of the party to be added. We hold that it cannot. The element of mistake is required.

### Facts and Procedural History

¶2 On April 13, 2001, Juan Bazoco was admitted to Scottsdale Health Care Osborn Hospital for treatment of injuries sustained in an accident. He fell into a coma and died on May 2, 2001. His wife and children ("plaintiffs") filed a wrongful death action on April 14, 2003, naming as defendants Dr. Tonia Kellermeyer, Scottsdale Healthcare Osborn, Scottsdale Healthcare Corporation, and Scottsdale Healthcare Hospitals Corporation. On July 31, 2003, the plaintiffs filed an amended complaint naming Dr. Richard Levinson ("petitioner") as a defendant. Petitioner was served with the amended complaint on August 7, 2003.

¶3 Petitioner filed a motion for summary judgment, arguing that the statute of limitations had run as of May 2, 2003, and that the amended complaint was therefore time-barred. Plaintiffs responded that their amended complaint related back to the date of the original complaint because it had been served within the 120–day period allowed for service of the original complaint. Petitioner replied that, absent mistake, an amendment adding a new party does not relate back under Rule 15(c). The trial court denied the motion, holding that, under *Ritchie v. Grand Canyon Scenic Rides,* 165 Ariz. 460, 799 P.2d

801 (1990), the amended complaint related back.

### Jurisdiction

¶ 4 While we rarely accept special action jurisdiction when a party seeks relief from the denial of a motion for summary judgment, we will do so in certain circumstances. *Flood Control Dist. of Maricopa County v. Gaines*, 202 Ariz. 248, 250, ¶ 2, 43 P.3d 196, 198 (App.2002) (citations omitted). If the issue presented is one of first impression, is a purely legal issue, and is of statewide significance, we are more inclined to accept jurisdiction. *See id.* In addition, special action review may be appropriate when "the issue of the statute of limitations has been raised and, where that claim is denied incorrectly, there is no plain, speedy or adequate remedy by appeal." *Id.* (quoting *Denton v. Am. Family Care*, 190 Ariz. 152, 154, 945 P.2d 1283, 1285 (1997)); *Safeway Stores, Inc. v. Maricopa County Superior Court*, 19 Ariz.App. 210, 212, 505 P.2d 1383, 1385 (1973) (special action jurisdiction appropriate to review purely legal question as to applicability of statute of limitations to undisputed facts when correct ruling would avoid expense and delay of unnecessary trial).

¶ 5 In this case, the question before us is purely legal and petitioner has no equally plain, speedy, or adequate remedy by appeal. *See Montaño v. Browning*, 202 Ariz. 544, 545–46, ¶ 2, 48 P.3d 494, 495–96 (App. 2002); *Engle Bros., Inc. v. Superior Court*, 23 Ariz.App. 406, 407, 533 P.2d 714, 715 (1975) (special action relief appropriate when trial court erroneously denied motion to dismiss based on statute of limitations). For

these reasons, we accept jurisdiction in this case.

### Discussion

¶ 6 Rule 15(c) provides, in pertinent part:[1]

> An amendment changing the party against whom a claim is asserted relates back if ... the party to be brought in by amendment ... knew or should have known that, *but for a mistake concerning the identity of the proper party,* the action would have been brought against the party.

(Emphasis added.) The rule requires "a mistake concerning the identity of the proper party." *Id.* Plaintiffs contend, however, that the supreme court's decision in *Ritchie* removed this requirement.

¶ 7 In *Ritchie,* the plaintiff was injured on a mule ride conducted by Grand Canyon Scenic Rides ("GCSR"). 165 Ariz. at 461, 799 P.2d at 802. She attempted to settle with GCSR's insurer but was unable to do so. *Id.* at 461–62, 799 P.2d at 802–03. She filed suit on July 25, 1985, the last day of the two-year statute of limitations, mistakenly naming as defendants Fred Harvey Transportation Co. ("Harvey"), an Arizona corporation, doing business as Grand Canyon Scenic Rides, and several fictitious entities. *Id.* Harvey was served the next day. *Id.*

¶ 8 GCSR in fact had no affiliation with Harvey and thus did not receive notice of the action. *Id.* The plaintiff amended her complaint on September 19, 1985, "correctly naming" GCSR as a defendant, and served GCSR on October 3, 1985, two years and two months after the accident. *Id.* The trial court granted GCSR's motion for summary

---

1. The entirety of Rule 15(c) is as follows:

   Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, plus the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment, (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Service of process in compliance with Rule 4.1(h), (i) or (j) of these rules satisfies the requirement of clauses (1) and (2) hereof with respect to the state, county, municipal corporation or any agency or officer thereof to be brought into the action as a defendant.
   Ariz. R. Civ. P. 15(c).

judgment on grounds that the two-year statute of limitations barred the action. *Id.*

¶ 9 In *Ritchie*, the supreme court did not have before it the issue of whether an amended complaint adding a party can relate back in the absence of a mistake. The issue was whether, under Rule 15(c), an amended complaint can relate back to the date of the original complaint if it is filed after the running of the statute of limitations but served within the time allowed for service of process under Arizona Rule of Civil Procedure 6(f). *Id.* at 465, 468, 799 P.2d at 807, 809. Plaintiffs, however, seize upon a passage of *Ritchie* that lists the requirements for a Rule 15(c) amendment but does not include a requirement for mistake.[2] What plaintiffs do not account for is that, in *Ritchie*, unlike the present case, it was undisputed that the failure to name the newly added defendant was the result of a mistake. *See id.* at 462, 799 P.2d at 803 (plaintiff amended complaint to drop mistaken party and "correctly name" GCSR as a defendant); *id.* at 463, 799 P.2d at 804 (the purpose of the rule was "to aid those who had erred in identifying a defendant"). The supreme court did not need to recite the mistake requirement as it was undisputed and not at issue. Thus, we find no support in *Ritchie* for an interpretation of Rule 15(c) that eliminates the express requirement of the rule that there be some showing of a "mistake concerning the identity of the proper party."

¶ 10 Rules should be construed to give effect to their plain language, if possible. *Byers–Watts v. Parker*, 199 Ariz. 466, 469, ¶ 10, 18 P.3d 1265, 1268 (App.2001). According to the plain language of Rule 15(c), there must be some showing of a "mistake concerning the identity of the proper party." Indeed, when the rule was amended following

*Ritchie* to bring its language into conformity with the decision, the requirement of a showing of mistake remained unchanged.[3]

¶ 11 We note that this court has construed Rule 15(c) since *Ritchie* was decided. In *O'Keefe v. Grenke*, 170 Ariz. 460, 465, 825 P.2d 985, 990 (App.1992), we held that "a 'mistake concerning the identities of the proper party' does not include a mistake of law by counsel regarding whom to name in a lawsuit." In *Services Holding Company v. Transamerica Occidental Life Insurance Company*, 180 Ariz. 198, 209, 883 P.2d 435, 446 (App.1994), we held that an amendment adding a new defendant did not relate back because the new defendant "had no reason to understand that he was not named due to a mistake." In *Ellman Land Corp. v. Maricopa County*, 180 Ariz. 331, 884 P.2d 217 (App. 1994), we noted the requirements for relation back under Rule 15(c) by quoting the rule, including the requirement that the party being added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." *Id.* at 336–37, 884 P.2d at 222–23 (quoting Ariz. R. Civ. P. 15(c)).

¶ 12 Thus, in *O'Keefe*, *Services*, and *Ellman*, a "mistake" was clearly still required. And while these cases all addressed the issue of mistaken identity under Rule 15(c), none of them specifically addressed what impact, if any, *Ritchie* had on that requirement. So that it is plain, *Ritchie* did not do away with the requirement that there be a mistake concerning the identity of the party to be added. The plain language of the rule still requires it; *Ritchie* did not change it. Thus, plaintiffs were required to show that petitioner "knew or should have known that, *but for*

2. The text of the passage is as follows:

[W]hen a party files a claim before the expiration of the statute of limitations, an amendment adding or changing a party pursuant to Rule 15(c) will relate back if the defendant or counter-defendant is served within the time prescribed by the applicable statute of limitations plus the time allowed for service of process pursuant to Rule 6(f), and if the claim asserted arose out of the same occurrence set forth in the original pleading.

*Ritchie*, 165 Ariz. at 467, 799 P.2d at 808.

3. The rule was amended to include the phrase "plus the period provided by Rule 4(i) for service of the summons and complaint" after the phrase "within the period provided by law for commencing the action against the party." *See* Ariz. R. Civ. P. 15(c); *Ritchie*, 165 Ariz. at 463, 799 P.2d at 804 (text of old rule); *id.* at 468, 799 P.2d at 809 (Corcoran, J., specially concurring) (suggesting such a change in the text of the rule). The language requiring "a mistake concerning the identity of the proper party," was left in the text of the amended version of the rule.

*a mistake concerning the identity of [petitioner]*, the action would have been brought against [petitioner]." Ariz. R. Civ. P. 15(c) (emphasis added).

¶ 13 In this case, plaintiffs never argued that there was a mistake concerning the identity of petitioner. Plaintiffs' pleadings make it clear that their position is they need not show any such mistake.[4] Further, the record before us shows no basis for a claim of mistake. Thus, there was no showing of any mistake concerning petitioner's identity as required by Rule 15(c). The amended complaint did not relate back and the claim against petitioner was not made within the two-year period of limitations. The trial court erred in denying petitioner's motion for summary judgment.

### Conclusion

¶ 14 For the foregoing reasons, we accept jurisdiction in this special action and grant the relief requested by petitioner. The judgment of the trial court is reversed and this cause is remanded to the trial court for entry of judgment in favor of petitioner.

CONCURRING: PATRICK IRVINE, Presiding Judge, and JAMES B. SULT, Judge.

---

4. Plaintiffs offer no explanation for their failure to name petitioner in the original complaint other than their belief, founded on *Ritchie*, that they were not required to do so.