SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| SUZANNE TYMAN, | ) Arizona Supreme Court |
| | ) No. CV-06-0008-PR |
| Plaintiff-Appellant, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) Nos. 1 CA-CV 05-0165 |
| HINTZ CONCRETE, INC., an Arizona | ) 1 CA-CV 05-0352 |
| corporation; HAINES CONSTRUCTION, | ) (Consolidated) |
| INC., an Alaska corporation, | ) |
| | ) Maricopa County |
| Defendants-Appellees. | ) Superior Court |
| _____ | ) No. CV2004-010551 |
| | ) |
| SUZANNE TYMAN, | ) |
| | ) |
| Plaintiff-Appellant, | ) **O P I N I O N** |
| | ) |
| v. | ) |
| | ) |
| NEW SONG UNITED METHODIST CHURCH, | ) |
| a non-profit Arizona corporation, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |
| _____ | ) |

Appeal from the Superior Court in Maricopa County
The Honorable Michael J. O'Melia, Judge

**AFFIRMED**
_____

Memorandum Decision of the Court of Appeals, Division One
Filed Dec. 8, 2005

**VACATED**
_____

YEN PILCH KOMADINA & FLEMING, P.C.                      Phoenix
      By    F. Kenton Komadina
            Robert E. Yen
            Caroline A. Pilch
            Neil Landeen
Attorneys for Suzanne Tyman

SKYPECK & SORENSEN                                          Phoenix
     By   John H. Ishikawa
Attorneys for Hintz Concrete, Inc.

CHEIFETZ IANNITELLI MARCOLINI, P.C.                         Phoenix
     By   Steven W. Cheifetz
          Matthew Klopp
Attorneys for Haines Construction, Inc.

SWENSON STORER ANDREWS & FRAZELLE, P.C.                     Phoenix
     By   Michael J. Frazelle
          Kimberly J. Sayre
Attorneys for New Song United Methodist Church
_____

**H U R W I T Z**, Justice

¶1      This case requires us to interpret Arizona Rule of Civil Procedure 15(c), which provides that in certain circumstances an amended complaint "relates back to the date of the original pleading" for statute of limitations purposes.

**I.**

¶2      On June 4, 2002, Suzanne Tyman tripped and fell at a sidewalk construction site.  She sustained personal injuries and retained counsel to pursue redress.

¶3      Tyman initially filed a notice of claim against the City of Surprise pursuant to A.R.S. § 12-821.01(A) (2001). Tyman learned, however, that the City was not responsible for the construction site at which she sustained her injuries.  Her counsel then sent letters of representation to Arizona Public Service and Mastec Construction.  Tyman later learned that neither had any involvement with the construction site.

2

**¶4**      On the eve of the expiration of the statute of limitations, Tyman still had not identified the parties responsible for the construction site.  She nevertheless filed a complaint in superior court on June 2, 2004, two days before the two-year statute of limitations expired.  *See* A.R.S. § 12-542(1) (2003) (providing two-year limitations period for personal injury claims).  The complaint named as defendants Arizona Public Service; Mastec Construction; Pinnacle West Capital Corporation; Pinnacle West Construction, LLC; Temcon Concrete Construction Company; Bob's Barricades, Inc.; United Rentals Highway Technologies, Inc.; and thirty fictitious defendants.

**¶5**      After further investigation, Tyman filed an amended complaint on August 23, 2004.  The amended complaint dropped all non-fictitious defendants named in the original complaint and instead sought damages against Hintz Concrete, Inc.; Haines Construction, Inc.; and New Song United Methodist Church (collectively, the "New Defendants").  Tyman served Hintz Concrete and New Song with the amended complaint eighty-four days after the statute of limitations expired.  Haines Construction was served seven days later.

**¶6**      The New Defendants moved for summary judgment, arguing that the statute of limitations barred the amended complaint.  The superior court granted the New Defendants' motions and entered judgment.  The court of appeals affirmed.  *Tyman v.*

3

*Hintz Concrete, Inc.*, 1 CA-CV 05-0165 (Ariz. App. Dec. 8, 2005) (mem. decision).

¶7     Tyman petitioned this court for review. We granted review because the courts below have interpreted Rule 15(c) inconsistently. We have jurisdiction pursuant to Arizona Constitution article 6, section 5, clause 3 and A.R.S. § 12-120.24 (2003).

## II.

¶8     Rule 15(c) provides, in relevant part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, plus the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment, (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

¶9     The purpose of Rule 15(c), like the federal rule upon which it is modeled, is "to ameliorate the effect of the statute of limitations." *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497 (2d ed. 1990) (describing Fed. R. Civ. P. 15(c)). Rule 15(c) permits

this amelioration upon three conditions: (1) the claim in the amended pleading must arise "out of the conduct, transaction, or occurrence" alleged in the original complaint, Ariz. R. Civ. P. 15(c); (2) "within the period provided by law for commencing the action against the party to be brought in by amendment, plus the period provided by Rule 4(i) for service of the summons and complaint," the new defendant must have "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits," Ariz. R. Civ. P. 15(c)(1); and (3) during the same period, the new defendant either "knew or should have known that, but for a mistake concerning the identity of the proper party," the new defendant would have been named in the original complaint, Ariz. R. Civ. P. 15(c)(2).

## A.

¶10    The first requirement of Rule 15(c) is not at issue here. The amended complaint plainly involved the same occurrence described in the original complaint.

¶11    Nor is there any question that the second requirement was satisfied. Arizona Rule of Civil Procedure 4(i) allows service of a complaint within 120 days of filing. The New Defendants were served with the amended complaint, and therefore received notice of the claim, fewer than 120 days after the original complaint was filed. A defendant brought in through an

5

amended complaint suffers no prejudice for purposes of Rule 15(c)(1) if served "within the time that would have been proper if [the defendant] had been correctly named in the first place." *Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 466, 799 P.2d 801, 807 (1990).

**B.**

¶12　　　The case before us turns, then, on whether the third requirement of Rule 15(c) was satisfied — whether during the specified time period, the New Defendants "knew or should have known that, but for a mistake concerning the identity of the proper party," they would have been named in the original complaint. The courts below took differing approaches to this issue.

¶13　　　The superior court's minute entry granting summary judgment concluded, without elaboration, that "there is no mistake concerning the identity of the proper party." The court also relied on the fact that the New Defendants "had absolutely no notice or knowledge of the claim until" the statute of limitations had run.

¶14　　　The court of appeals, on the other hand, assumed arguendo the existence of a "cognizable mistake under Rule 15(c)." *Tyman*, 1 CA-CV 05-0165, ¶ 10. But it nonetheless affirmed the judgment below, holding that Tyman presented no evidence that the New Defendants "knew or should have known

6

within the time period specified by Rule 15(c)" that they would have been included in the original complaint but for the mistake. *Id.* ¶ 11. The court of appeals stressed that the New Defendants did not know of the accident until being served with the amended complaint. *Id.* The court also held that service of the amended complaint did not confer on the New Defendants the knowledge required under Rule 15(c)(2). *Id.*

### 1.

¶15 The superior court erred in interpreting Rule 15(c) as requiring that the New Defendants know of Tyman's *claim* before expiration of the statute of limitations. Rule 15(c)(2) does not require knowledge of a cognizable mistake within the original two-year statute of limitations period. Rather, the Rule expressly provides for relation back when the defendant knew or should have known of the mistake within the statute of limitations period "*plus the period provided by Rule 4(i) for service of the summons and complaint.*" Ariz. R. Civ. P. 15(c) (emphasis added).

¶16 Nor does Rule 15(c)(2) require, as the court of appeals suggested, that a new defendant know before the end of the original limitations period about the *occurrence* alleged in the complaint. Rule 15(c)(2) only requires knowledge during the limitations period plus the period provided for service by Rule 4(i) of "a mistake concerning the identity of the proper party."

7

The Rule does not require that a defendant have knowledge of the occurrence underlying the complaint before learning of the mistake.

¶17    The court of appeals also erred in suggesting that service of an amended complaint cannot confer the knowledge required under Rule 15(c)(2).  In some cases, comparison of the amended complaint to the original pleading will, or should, give a defendant sufficient knowledge of the mistake in identity.  For example, in *Ritchie*, the original complaint sought damages for injuries caused by a mule ride at the Grand Canyon.  The defendant was initially identified as Fred Harvey Transportation Company "doing business as Grand Canyon Scenic Rides."  165 Ariz. at 462, 799 P.2d at 803.  After the statute expired, the plaintiff learned that Grand Canyon Scenic Rides, a separate corporation unaffiliated with the Harvey Corporation, conducted the mule ride.  She amended the complaint accordingly.  *Id.*  When served with the amended complaint, the new defendant in *Ritchie* surely knew, or should have known, that its omission from the original complaint was caused by a mistake concerning identity.  Thus in *Ritchie* there understandably was no dispute as to whether the new defendant knew or should have known of the plaintiff's mistake; the case turned entirely on other issues.

¶18    Were we to adopt the court of appeals' assumption that Tyman made a mistake cognizable under Rule 15(c)(2), the next

8

question would therefore be whether service of the amended complaint gave the New Defendants sufficient knowledge of that mistake. But we need not address the knowledge issue today because, like the superior court, we conclude that Tyman made no "mistake concerning the identity of the proper party" in the original complaint.

## C.

¶19 Although Arizona courts have not interpreted the term "mistake" in Rule 15(c), other jurisdictions have given the word its ordinary meaning when interpreting similar provisions: "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention." *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000) (quoting *Webster's Ninth New Collegiate Dictionary* 760 (1983) and interpreting Fed. R. Civ. P. 15(c)); *Centuori v. Experian Info. Solutions, Inc.*, 329 F. Supp. 2d 1133, 1138 (D. Ariz. 2004) (same); *accord Pan v. Bane*, 141 P.3d 555, 563-64 ¶¶ 24-31 (Okla. 2006) (interpreting Okla. Stat. tit. 12, § 2015(C)(3)(b) (2006)); *see also Black's Law Dictionary* 1022 (8th ed. 2004) (defining mistake as "[a]n error, misconception, or misunderstanding; an erroneous belief"). To decide whether a Rule 15(c)(2) "mistake" has occurred, the court must determine "whether, in a counterfactual error-free world, the action would have been brought against the proper party." *Leonard*, 219 F.3d at 29 (interpreting Fed. R. Civ. P. 15(c)(3)).

Therefore, "what the plaintiff knew (or thought he knew) at the time of the original pleading generally is the relevant datum in respect to the question of whether a mistake concerning identity actually took place." *Id.; accord Centuori*, 329 F. Supp. 2d at 1137-41.

¶20    In deciding whether the plaintiff has made a mistake, we start from the assumption that, "by definition, every mistake involves an element of negligence, carelessness, or fault." *Leonard*, 219 F.3d at 29; *accord Centuori*, 329 F. Supp. 2d at 1138.   Thus, Rule 15(c) "encompasses both mistakes that were easily avoidable and those that were serendipitous."  *Leonard*, 219 F.3d at 29.

¶21    Not every omission of a defendant from an original pleading is a mistake cognizable under Rule 15(c)(2).  Because Rule 15(c)(2) requires a mistake concerning the *identity* of the proper party, it plainly does not cover a "deliberate decision not to sue a party whose identity plaintiff knew from the outset."  *Leonard*, 219 F.3d at 29 (quoting *Wells v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992)); *accord Centuori*, 329 F. Supp. 2d at 1139-40.  For the same reason, "a mistake of law by counsel regarding whom to name in a lawsuit" is not a Rule 15(c)(2) mistake.  *O'Keefe v. Grenke*, 170 Ariz. 460, 465, 825 P.2d 985, 990 (App. 1992); *accord Leonard*, 219 F.3d at 31. Neither is there a Rule 15(c) mistake when "defendants [are]

added because of a new legal theory" or "to replace fictitious defendants." *Servs. Holding Co. v. Transam. Occidental Life Ins. Co.*, 180 Ariz. 198, 209, 883 P.2d 435, 446 (App. 1994). Lack of knowledge as to the appropriate defendant — as opposed to a mistaken belief that a defendant is liable — does not constitute a Rule 15(c)(2) mistake.

¶22    Thus, the superior court typically must determine, through reference to the original complaint, analysis of affidavits or other evidence submitted by the parties, and by applying common sense, whether the new defendant truly was omitted because of a "mistake concerning the identity of the proper party."  It is the plaintiff's burden to establish the requisite mistake.  *Leonard*, 219 F.3d at 28; *see also Levinson v. Jarrett ex rel. County of Maricopa*, 207 Ariz. 472, 476 ¶ 13, 88 P.3d 186, 190 (App. 2004) (discussing the plaintiff's failure to prove a mistake).

¶23    In the case at hand, the superior court correctly determined that Tyman had not discharged her burden of demonstrating mistake.  Indeed, the affidavits of her counsel, confirmed by counsel's statements at oral argument, make plain that no mistake concerning the identity of the proper parties was made in this case.  When the initial complaint was filed, plaintiff did not know or think she knew that the original defendants were liable for her injuries.  Rather, she believed

11

that the original defendants were not liable, and she was simply unaware of who was. Just as naming a "John Doe" defendant in the initial complaint is not a Rule 15(c)(2) mistake, it is not a mistake to name placeholder defendants while the plaintiff attempts to identify the appropriate parties. *See Garrett v. Fleming,* 362 F.3d 692, 696 (10th Cir. 2004); *Baskin v. City of Des Plaines,* 138 F.3d 701, 704 (7th Cir. 1998); *Servs. Holding Co.,* 180 Ariz. at 209, 883 P.2d at 446.

**D.**

¶**24** Tyman argues that because her counsel acted with reasonable diligence during the limitations period and could not discover the responsible parties, Rule 15(c)(2) relation back should be allowed despite the absence of a cognizable mistake. But this argument conflates the "discovery" rule for tolling the statute of limitations — under which the statute does not begin to run until a plaintiff could reasonably have discovered the identity of a responsible defendant, *see Walk v. Ring*, 202 Ariz. 310, 315-16 ¶¶ 20-23, 44 P.3d 990, 995-96 (2002) — with the mistake requirement of Rule 15(c)(2). Rule 15(c)(2) requires a mistaken belief at the time of filing that a defendant is appropriately named, as well as subsequent discovery that there was a mistake in identification. Rule 15(c)(2) is not satisfied

when the plaintiff simply has no knowledge of the identity of the appropriate defendant when filing the original complaint.[1]

**E.**

¶25    Tyman also suggests, citing *Ritchie* and the Supplemental State Bar Committee Note to Rule 15(c)(2), that relation back is allowed without regard to mistake whenever a new party is served within 120 days of the expiration of the statute of limitations.    Although certain language in *Ritchie* and the Note provide superficial support to this argument, it fails.

¶26    *Ritchie* did not concern the "mistake" requirement of Rule 15(c)(2).    Rather, *Ritchie* addressed language in a prior version of the Rule that required that the added defendant obtain the notice required by the Rule "within the period provided by law for commencing the action against him."    165 Ariz. at 463, 799 P.2d at 804.    We interpreted the phrase to mean the limitations period plus any additional time given by

---

[1]    A plaintiff's diligence in discovering the identity of a defendant may be relevant to the trial court's exercise of discretion in considering a motion to amend a complaint pursuant to Arizona Rule of Civil Procedure 15(a)(1).    *See generally* 6A Wright, Miller & Kane, *supra*, § 1498 (discussing Fed. R. Civ. P. 15(a)).    In this case, however, Tyman filed the amended complaint before a responsive pleading or motion for summary judgment was filed; the amendment was thus filed as of right and required no leave of the court.    *See* Ariz. R. Civ. P. 15(a)(1).

13

the Rules of Civil Procedure to serve the complaint.[2] *Id.* at 465-68, 799 P.2d at 806-09.[3] *Ritchie* did not deal with the Rule's express requirement of a mistake, let alone abrogate it.

¶27 Nor does the Supplemental State Bar Committee Note to Rule 15(c), which simply explains the holding in *Ritchie*, achieve that result indirectly. This is made plain by the 1996 amendment to Rule 15(c), which codified the holding in *Ritchie* while retaining the "mistake" language in Rule 15(c)(2).[4] If *Ritchie* had done away with the mistake requirement, there would

---

[2] When *Ritchie* was decided, Arizona Rule of Civil Procedure 6(f) gave the plaintiff one year to serve a complaint after it was filed. 165 Ariz. at 466, 799 P.2d at 807.

[3] In so holding, we declined to follow *Schiavone v. Fortune*, 477 U.S. 21 (1986), which interpreted Federal Rule 15(c) as requiring that added defendants receive notice of a claim *before* the statute of limitations expired. *Id.* at 465-68, 799 P.2d at 806-09.

[4] Before 1996, Arizona Rule 15(c) required that an added defendant receive notice of the plaintiff's claim "within the period provided by law for commencing the action against the party to be brought in by amendment." Ariz. R. Civ. P. 15(c), 16 A.R.S. Ann. (Supp. 1996). Rule 15(c) was amended in 1996 and now requires that the notice and knowledge be imparted within the limitations period "plus the period provided by Rule 4(i) for service of the summons and complaint." Ariz. R. Civ. P. 15(c).

Federal Rule 15(c) was similarly amended in 1991 to address the *Schiavone* holding, and now requires that the knowledge and notice required under Rule 15(c) be imparted to the new defendant "within the period provided by Rule 4(m) for service of the summons and complaint." *See* Fed. R. Civ. P. 15 advisory committee's note, 1991 amend.

14

have been no reason to retain the word "mistake" in the 1996 amendment.

¶28     We therefore conclude that the mistake requirement survived *Ritchie*.  *Levinson*, 207 Ariz. at 475 ¶ 12, 88 P.3d at 189 ("The plain language of [Rule 15(c)(2)] still requires [a mistake]; *Ritchie* did not change it.").  And, because Tyman cannot establish the requisite mistake in this case, the superior court correctly rejected her relation-back argument.

### III.

¶29     For the reasons above, we conclude that Tyman's amended complaint does not relate back to the date of the original complaint.  The superior court therefore correctly concluded that the statute of limitations barred the amended complaint against the New Defendants.  The judgment of the superior court is affirmed; the memorandum decision of the court of appeals is vacated.


_____
                    Andrew D. Hurwitz, Justice


CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


15

_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice