NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LASHONNE HOWARD, the surviving mother of JORDYN ROSEMARY
HOWARD, in her own right and on behalf of all statutory beneficiaries,
and as Personal Representative of the ESTATE OF JORDYN ROSEMARY
HOWARD, *Plaintiff/Appellant*,

*v.*

SCOTTSDALE EMERGENCY ASSOCIATES, LTD, an Arizona
professional corporation; DOUGLAS J. SMITH, M.D. AND JANE DOE
SMITH, a married couple; CASEY MICHELLE GOLAB, M.D.,
*Defendants/Appellees.*

No. 1 CA-CV 14-0824
FILED 2-18-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-052477
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Anapol Weiss, Scottsdale
By Larry E. Coben, Jo Ann Niemi
*Counsel for Plaintiff/Appellant*

Crawford & Kline, PLC, Tempe
By Bruce D. Crawford
*Counsel for Defendant/Appellee Scottsdale Emergency Associates, LTD*

Jones Skelton & Hochuli, PLC, Phoenix
By Eileen Dennis GilBride
*Counsel for Defendant/Appellee Douglas J. Smith*

Holden & Armer, PC, Tempe
By Scott A. Holden
*Counsel for Defendant/Appellee Casey Michelle Golab*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**C A T T A N I**, Judge:

**¶1**        LaShonne Howard, personal representative of the estate of her daughter, Jordyn Rosemary Howard ("Decedent"), appeals from the superior court's judgments dismissing her claims with prejudice against Scottsdale Emergency Associates, Ltd. ("SEA"), Dr. Douglas J. Smith, and Dr. Casey Michelle Golab on statute of limitations grounds and denying her motion to stay the proceedings to conduct additional discovery.  For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        On February 28, 2014, Howard filed a complaint against the Scottsdale Healthcare Shea Medical Center ("the Hospital") and various other entities (none of which are parties to this appeal) alleging medical malpractice, wrongful death, and a survival action.  The claims stemmed from services rendered to Decedent between February 26 and March 2, 2012, at the Hospital and other facilities.  Howard did not name any individual defendants, but instead asserted that the Hospital and other entities were vicariously liable for the actions of the "medical personnel" at the Hospital, who at all times were "agents, servants and employees of the named defendants and were acting within the course and scope of their employment."  The complaint generally alleged that all defendants deviated from the standard of care and proximately caused Decedent's death, but did not name any specific acts or omissions committed by any individual or individuals.

¶3            On April 10, 2014, Howard filed an amended complaint adding as defendants SEA, Smith, and Golab, among others.  The amended complaint alleged that Smith and Golab were "agents, servants, employees **or independent contractors**" of the Hospital and were acting within the course and scope of their employment.

¶4            SEA, Smith, and Golab sought judgment on the pleadings based on statute of limitations grounds, asserting (1) they were not named in the original complaint, (2) the amended complaint was filed after the expiration of the two-year statute of limitations, *see* Ariz. Rev. Stat. ("A.R.S.") § 12-542, and (3) Howard's claims against them did not relate back to the date of the original complaint under Rule 15(c) of the Arizona Rules of Civil Procedure.[1]  Under Rule 15(c), an amendment to a complaint relates back to the date of the original pleading if the claim asserted in the amended pleading arose out of the same occurrence set forth in the original pleading and the party to be brought in by amendment "(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

¶5            Howard opposed the request for judgment on the pleadings and asked for a stay to conduct discovery she claimed was necessary to oppose Smith and Golab's request.  Howard admitted that Smith and Golab's names appeared in the Hospital's chart (which her attorney had reviewed before filing the complaint), but she argued that her failure to include additional defendants in the original complaint should be excused because she "had no reason to think that the nurses and physicians who 'cared' for [Decedent] were not hospital personnel."  Howard asserted that after filing the complaint, another attorney raised the issue of the employment status of the individual physicians who treated Decedent, and that after this conversation, she filed her amended complaint naming Smith and Golab individually as defendants.  Howard argued that the mistake regarding Smith and Golab's status as staff physicians rather than independent contractors was a mistake regarding "identity" that triggered application of the relation-back rule under Rule 15(c).

¶6            The superior court denied Howard's stay request and granted SEA, Smith, and Golab judgment on the pleadings, finding that "the putative mistake was not sufficiently related to the identities of these

---

[1]        Absent material revisions after the relevant date, we cite the current version of applicable rules and statutes.

Defendants in order to invoke Rule 15(c)." The court entered judgment in favor of SEA, Smith, and Golab—certified as final under Arizona Rule of Civil Procedure 54(b)—and Howard timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**        Howard argues the superior court erred in granting judgment on the pleadings and in denying her motion to stay the proceedings to conduct additional discovery. We review de novo the grant of judgment on the pleadings, taking as true all well-pleaded facts of the complaint. *Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198, ¶ 5 (App. 2005). We view the facts in the light most favorable to the party against whom judgment was entered. *Napier v. Bertram*, 191 Ariz. 238, 239, ¶ 1 (1998). We review discovery rulings for an abuse of discretion. *Preston v. Amadei*, 238 Ariz. 124, 130, ¶ 15 (App. 2015).

**¶8**        Howard argues that her failure to name SEA, Smith, and Golab in the original complaint was a mistake cognizable under Rule 15(c), which requires a "mistake concerning the identity of the proper party." *See Tyman v. Hintz Concrete, Inc.*, 214 Ariz. 73, 76, ¶ 18 (2006) (declining to address a defendant's knowledge of a lawsuit absent a showing of a "'mistake concerning the identity of the proper party' in the original complaint"). Howard bears the burden of proving the requisite mistake. *See id.* at 77, ¶ 22.

**¶9**        "To decide whether a Rule 15(c)(2) 'mistake' has occurred, the court must determine 'whether, in a counterfactual error-free world, the action would have been brought against the proper party.'" *Id.* at 76, ¶ 19 (citation omitted). "Rule 15(c)(2) requires a mistaken belief at the time of filing that a defendant is appropriately named, as well as subsequent discovery that there was a mistake in identification." *Id.* at 77, ¶ 24. "Because Rule 15(c)(2) requires a mistake concerning the *identity* of the proper party, it plainly does not cover a 'deliberate decision not to sue a party whose identity plaintiff knew from the outset.'" *Id.* at 76, ¶ 21 (citation omitted); *see also O'Keefe v. Grenke*, 170 Ariz. 460, 465–66 (App. 1992) (noting that a "'mistake concerning the identities of the proper party' does not include a mistake of law by counsel regarding whom to name in a lawsuit . . . where a plaintiff knows of the existence and identity of a defendant before the statute of limitations runs, and makes a conscious election about whom to sue").

4

**¶10**        Howard does not argue that she named the wrong hospital when she filed the original complaint, and she admits that the names of SEA, Smith, and Golab appeared in the Hospital's chart (which her counsel reviewed before filing the complaint). Thus, Howard did not mistakenly identify the Hospital, but instead neglected to name additional known defendants, an error that is not excusable under Rule 15(c)(2).

**¶11**        Moreover, in naming only the Hospital as a defendant in the original complaint, Howard did not put the physicians who treated Decedent on notice that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. Although a hospital may be liable for the actions of its employees, not every hospital employee is liable for negligence attributable to the hospital. Thus, when a lawsuit is filed against a hospital, individual hospital employees would not necessarily know or have reason to know that "but for a mistake concerning the identity of the proper party," the action would have been brought against the employee. *See O'Keefe*, 170 Ariz. at 466 (quoting *Holden v. R.J. Reynolds Indus., Inc.*, 82 F.R.D. 157, 163 n.6 (D.N.C. 1979) ("[W]hen the plaintiff merely sues one joint tort-feasor or obligor, the missing party is under no duty to speculate as to the reason plaintiff has not pursued him.")). And here, Howard's complaint did not specify any particular acts or omissions by any particular individuals that might, under different circumstances, have narrowed the focus to particular employees.

**¶12**        Because Howard knew of the existence and identity of Smith and Golab before the statute of limitations ran but did not sue them at that time, the superior court properly found Howard's failure to do so was not a mistake in identity under Rule 15(c)(2). *See Tyman*, 214 Ariz. at 76, ¶ 21; *O'Keefe*, 170 Ariz. at 465–66. And because no additional discovery would have changed the fact that Howard knew the identity of SEA, Smith, and Golab before filing her original complaint, the superior court did not abuse its discretion by denying Howard's motion for leave to conduct additional discovery.

5

## CONCLUSION

**¶13** For the foregoing reasons, we affirm the judgments in favor of SEA, Smith, and Golab. We award SEA, Smith, and Golab costs pursuant to A.R.S. § 12-342, contingent upon their compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama