IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DIANE M. FLYNN and ROBERT FLYNN, wife and husband,
*Plaintiffs/Appellants*,

v.

SARAH W. CAMPBELL, *Defendant/Appellee*.

No. 1 CA-CV 15-0278
FILED 7-19-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2014-055536
The Honorable Thomas L. LeClaire, Judge (Retired)

**REVERSED AND REMANDED**

---

COUNSEL

Burch & Cracchiolo, P.A., Phoenix
By Daryl Manhart, Melissa I. Julian
*Co-Counsel for Plaintiffs/Appellants*

Friedl & Richardson, Phoenix
By Thomas M. Richardson
*Co-Counsel for Plaintiffs/Appellants*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Jonathan P. Barnes, Jr.
*Counsel for Defendant/Appellee*

_____

**OPINION**

_____

Judge Patricia K. Norris delivered the opinion of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

_____

**N O R R I S**, Judge:

**¶1**        This appeal arises out of an order entered by the superior court finding plaintiff/appellant Diane Flynn's negligence claim time barred because her amended complaint did not "relate back" to her original complaint under Arizona Rule of Civil Procedure 15(c). Because Flynn sued the wrong party, defendant/appellee Sarah Campbell's insurance carrier, based on a mistake cognizable under that rule, we reverse and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        On October 17, 2012, Flynn sustained physical injuries arising out of a car accident with Campbell. At the accident scene, a police officer gave Flynn a "crash report" that identified Campbell's insurance carrier, the policy number, and the insurance carrier's telephone number. Using this information, Flynn contacted Campbell's insurance carrier, State Farm Mutual Automobile Insurance Company.

**¶3**        On October 16, 2014, one day before the two-year statute of limitations expired, Flynn, representing herself, sued State Farm. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-542(1) (2016) (two-year limitations period for personal injury claims). Flynn alleged that after the collision, State Farm had "assumed full responsibility for its insured's actions" and because of its insured's actions, she had suffered various injuries and "losses."

**¶4**        State Farm moved to dismiss the complaint ("original motion") with prejudice under Arizona Rule of Civil Procedure 12(b)(6), arguing Flynn did not have a cause of action against it because "in Arizona there is no right of direct action against an insurance carrier for damages claimed as a result of an accident with one of its insureds." Before the superior court could rule on the original motion, Flynn retained counsel,

and on November 24, 2014, filed an amended complaint.[1]  The amended complaint dropped State Farm as a defendant and named Campbell (plus several fictitious parties) as defendants.[2]

**¶5**      On December 22, 2014, Campbell moved to dismiss the amended complaint under Rule 12(b)(6), arguing it did "not 'relate back' under Rule 15(c)" and thus Flynn's negligence claim was time barred.  The superior court granted the motion, finding Flynn "committed a mistake of law [and] not a mistake of fact" because she was "aware of the identity of the driver."[3]  *See infra* ¶ 9.

## DISCUSSION

**¶6**      Flynn argues she made a mistake cognizable under Rule 15(c), and not merely a mistake of law, by naming State Farm in the original complaint rather than Campbell, and thus, because she met the other requirements of Rule 15(c), her amended complaint related back to her original complaint.  Reviewing this issue of law de novo, we agree. *Pargman v. Vickers*, 208 Ariz. 573, 578, ¶ 22, 96 P.3d 571, 576 (App. 2004) (interpretation of Rule 15(c) is an issue of law reviewed de novo).

**¶7**      Rule 15(c) is designed to "ameliorate the effect of the statute of limitations" when three conditions are met. *Tyman v. Hintz Concrete, Inc.*, 214 Ariz. 73, 74, ¶ 9, 148 P.3d 1146, 1147 (2006).  Rule 15(c) provides, in relevant part:

---

[1]Subsequently, the superior court deemed the original motion moot "in light of the [a]mended [c]omplaint."

[2]Flynn's amended complaint named her husband, Robert Flynn, as an additional plaintiff.

[3]In opposing the motion, Flynn submitted an affidavit in which she discussed, in general terms, the Flynns' communications with State Farm.  The superior court viewed the affidavit as "extrinsic evidence" outside of the pleadings and did not consider it in ruling on the motion. *See* Ariz. R. Civ. P. 12(b).  Accordingly, we have not considered the affidavit in resolving this appeal.  Nevertheless, we note that in addition to the original complaint, a superior court may properly consider other evidence submitted by the parties in deciding whether a new defendant was omitted because of a mistake concerning the identity of the proper party. *Tyman v. Hintz Concrete, Inc.*, 214 Ariz. 73, 76-77, ¶ 22, 148 P.3d 1146, 1149-50 (2006).

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, plus the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment, (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

¶8        Here, the first requirement of Rule 15(c)—that the claim in the amended pleading arose "out of the conduct, transaction, or occurrence" alleged in the original complaint—is not at issue because the amended complaint clearly involved the same car accident described in the original complaint.   The second requirement—"notice of the institution of the action" to the new defendant within the statute of limitations "plus the period provided by Rule 4(i) for service of the summons and complaint"— also is not at issue.  State Farm received notice of the institution of the action within the two-year statute of limitations plus 120 days (the period provided by Rule 4(i) for service of the summons and complaint), and its notice was imputed to its insured, Campbell.  *See Pargman*, 208 Ariz. at 579-81, ¶¶ 30-40, 96 P.3d at 577-79 (insurer's notice of an action imputed to its insured's estate).[4]

---

[4]In a footnote, Campbell argues Flynn "waived the 'imputed notice' issue . . . by failing to raise it in the trial court."  We disagree. Campbell's motion to dismiss focused solely on whether Flynn's "mistake" was one recognized under Rule 15(c).  Thus, Campbell had no reason to argue the imputed notice and knowledge issue, which explains why the superior court never addressed it.

**¶9**       This case turns, then, on whether Flynn committed a mistake cognizable under Rule 15(c) in naming State Farm instead of Campbell in the original complaint, and if so, whether Campbell, through State Farm, "knew or should have known that, but for" Flynn's mistake "concerning the identity of the proper party," she would have been named in the original complaint.  *See id.* at 577, ¶¶ 18-20, 96 P.3d at 575 (insurer's knowledge of cognizable Rule 15(c) mistake imputed to its insured's estate); *Levinson v. Jarrett ex rel. Cty. of Maricopa*, 207 Ariz. 472, 475-76, ¶ 12, 88 P.3d 186, 189-90 (App. 2004) (a cognizable "mistake" is "clearly still required" before determining whether defendant "knew or should have known that, but for [the] mistake," the action would have been brought against the defendant).  In deciding whether Flynn's error in naming State Farm instead of Campbell was a "mistake concerning the identity of the proper party" under Rule 15(c), the superior court found that because Flynn was "aware of the identity of the driver of the vehicle that was involved in the car crash," but "elected to bring [her] suit against the insurance company," she "committed a mistake of law not a mistake of fact," and therefore her error was not cognizable under Rule 15(c).  We disagree with the superior court that Flynn's mistake was not cognizable under Rule 15(c).

**¶10**       "To decide whether a Rule 15(c)(2) 'mistake' has occurred, the court must determine 'whether, in a counterfactual error-free world, the action would have been brought against the proper party.'"  *Tyman,* 214 Ariz. at 76, ¶ 19, 148 P.3d at 1149 (quoting *Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir. 2000)).  Thus, "'what the plaintiff knew (or thought he knew) at the time of the original pleading generally is the relevant datum in respect to the question of whether a mistake concerning identity actually took place.'"  *Id.* (quoting *Leonard*, 219 F.3d at 29).  Moreover, "we start from the assumption that, 'by definition, every mistake involves an element of negligence, carelessness, or fault.'"  *Id.* at 76, ¶ 20, 148 P.3d at 1149 (quoting *Leonard*, 219 F.3d at 29).  Accordingly, "Rule 15(c) 'encompasses both mistakes that were easily avoidable and those that were serendipitous.'"  *Id.* (quoting *Leonard*, 219 F.3d at 29).

**¶11**       Not every omission of a defendant from an original pleading is a mistake cognizable under Rule 15(c)(2).  *Tyman*, 214 Ariz. at 76, ¶ 21, 148 P.3d at 1149.  Rule 15(c)(2) "does not cover a deliberate decision not to sue a party whose identity plaintiff knew from the outset," nor does it cover "a mistake of law by counsel regarding whom to name in a lawsuit."  *Id.* (internal quotations and citations omitted).  Nor is there a Rule 15(c) mistake "when defendants are added because of a new legal theory or to replace fictitious defendants."  *Id.* (internal quotations and citations omitted).

¶12        Arizona's Rule 15(c) is modeled on Federal Rule of Civil Procedure 15(c).  *Id.* at 74, ¶ 9, 148 P.3d at 1147.  In *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548, 130 S. Ct. 2485, 2494, 177 L. Ed. 2d 48 (2010), the United States Supreme Court discussed the type of "mistake" cognizable under Rule 15(c).  The Court stated a "mistake is an error, misconception, or misunderstanding; an erroneous belief."  *Id.* (internal quotations and citation omitted).  It further explained that a Rule 15(c) mistake can include a misconception or misunderstanding regarding the roles played by prospective defendants:

> That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity.  A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B.  Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

*Id.* at 549, 130 S. Ct. at 2494; *see also Sundevil Power Holding, LLC v. Ariz. Dep't of Revenue*, No. 1 CA-TX 15-0001, 2016 WL 3673027, at *6, ¶ 22 (Ariz. App. July 7, 2016) (citing *Krupski* and recognizing plaintiff may know a prospective defendant exists, but nevertheless misunderstand prospective defendant's status or role in events giving rise to the claim).

¶13        Here, Flynn knew Campbell—not State Farm—had caused the accident.  But, as is clear from her original complaint, Flynn failed to appreciate—from a factual standpoint—State Farm's role.  In her original complaint, Flynn alleged—as a factual matter—that State Farm had "assumed full responsibility for its insured's actions."  Thus, although she knew Campbell had caused the accident, she alleged State Farm had assumed responsibility, and thus liability for Campbell's actions.  Under these circumstances, Flynn, by suing State Farm instead of Campbell,

6

"made a mistake concerning the proper party's identity notwithstanding her knowledge of the existence of both parties." *Krupski*, 560 U.S. at 549, 130 S. Ct. at 2494. Accordingly, Flynn made a mistake cognizable under Rule 15(c).

**¶14** Citing *Tyman*, Campbell nevertheless argues Flynn was "never under any misimpression that State Farm was somehow liable for the accident." Rather, according to Campbell, Flynn "knew State Farm was *not* liable, given that they were fully aware of [] Campbell's identity 'from the outset.'" *Tyman* does not support Campbell's argument.

**¶15** As discussed, under *Tyman*, "the relevant datum in respect to the question of whether a mistake concerning identity actually took place" is what Flynn "knew (or thought [s]he knew)" when she filed the original complaint. 214 Ariz. at 76, ¶ 19, 148 P.3d at 1149. It is apparent from the original complaint that Flynn thought State Farm, by "assum[ing] full responsibility for" Campbell's actions, was responsible for the accident. Contrary to Campbell's argument, Flynn did not strategically choose to sue State Farm instead of Campbell simply because Flynn knew of Campbell's existence. As the Supreme Court explained in *Krupski*, that Flynn may have known of Campbell's existence "does not foreclose the possibility that she nonetheless misunderstood crucial facts regarding the" role of State Farm and Campbell. 560 U.S. at 555, 130 S. Ct. at 2497. As in *Krupski*, the face of the original complaint shows that Flynn believed she had sued the proper party—the party assuming full responsibility and liability for Campbell's actions.

**¶16** Unlike the situation in *Tyman*, where the plaintiff named fictitious defendants in the original complaint because she "could not discover the responsible parties" before the statute of limitations expired, the original complaint reflects Flynn thought she knew the identity of the proper responsible party, State Farm. 214 Ariz. at 77, ¶ 24, 148 P.3d at 1150. But, as discussed, Flynn was mistaken as to the identity of the proper party to name. And, based on Flynn's allegations in the original complaint, *see supra* ¶ 3, it appears that State Farm may have contributed to Flynn's confusion over the proper party to sue. *Krupski*, 560 U.S. at 556, 130 S. Ct. at 2498. Nothing in the record suggests Flynn failed to name Campbell sooner because of anything other than a mistake in identity.

**¶17** Flynn's initial pro se status further supports our conclusion that she made a mistake cognizable under Rule 15. Although we hold self-represented parties to the same standards as attorneys with respect to familiarity with required procedures and rules, *In re Marriage of Williams*, 219 Ariz. 546, 549, ¶ 13, 200 P.3d 1043, 1046 (App. 2008), a plaintiff's pro se

status is relevant in assessing what the plaintiff knew or thought she knew at the time of the original pleading. *Tyman*, 214 Ariz. at 76, ¶ 19, 148 P.3d at 1149. "A party's ignorance of the law is not an excuse for failing to comply with it," *In re Marriage of Williams*, 219 Ariz. at 549, ¶ 13, 200 P.3d at 1046, but such ignorance may inform the question of whether that party made a cognizable Rule 15 mistake. *Olutayo v. Husic*, No. 15 C 2109, 2016 WL 687907, at *3 (N.D. Ill. Feb. 19, 2016) (plaintiff's failure to sue proper party "was not a well-informed, deliberate decision, but rather . . . an error, misunderstanding, or misconception, *especially in light of [p]laintiff's pro se status*") (emphasis added). When the applicable rule requires a court to assess what a particular plaintiff knew "or thought he knew" at the time he filed the original complaint, that plaintiff's pro se status becomes a relevant part of the "datum." *See supra* ¶ 10.

**¶18**      Turning to the final requirement of Rule 15(c), the record shows Campbell, through State Farm, "knew or should have known that, but for a mistake concerning the identity of the proper party," Flynn would have named her as the defendant in the original complaint. Through the original complaint, State Farm, and thus Campbell, knew Flynn believed Campbell had caused the accident. Campbell, through State Farm, also knew or should have known Flynn believed State Farm, by "assum[ing] full responsibility for" her actions, was liable for the accident. Given State Farm's understanding that Arizona is not a "direct action" state, Campbell, through State Farm, knew or should have known that Flynn—acting without counsel—had sued State Farm and not her because Flynn was "harbor[ing] a misunderstanding about [Campbell's] status or role in the events giving rise to the claim at issue, and she mistakenly [chose] to sue [State Farm] based on that misimpression." *Krupski*, 560 U.S. at 549, 130 S. Ct. at 2494. Further, Campbell "has articulated no strategy that [she] could reasonably have thought [Flynn] was pursuing in suing a defendant that was legally unable to provide relief." *Krupski*, 560 U.S. at 555, 130 S. Ct. at 2497.

**¶19**      Accordingly, based on this record considered by the superior court, Campbell, through State Farm, knew or should have known that but for a mistake in identity, Flynn would have named her in the original complaint. *See Pargman*, 208 Ariz. at 577, ¶ 18, 96 P.3d at 575.

## CONCLUSION

**¶20**      Flynn's amended complaint related back to the original complaint and was not time barred. Thus, we reverse the superior court's order dismissing Flynn's complaint and remand for further proceedings. As the successful party on appeal, we award Flynn her costs on appeal

pursuant to A.R.S. § 12-341 (2016), contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: AA