NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DEPARTMENT OF CHILD SAFETY, *Petitioner*,

*v.*

THE HONORABLE KATHRYN STOCKING-TATE, Commissioner and
Judge Pro Tem of the SUPERIOR COURT OF THE STATE OF ARIZONA,
in and for the County of YUMA, *Respondent Commissioner*,

P.R., *Real Party in Interest*.

No. 1 CA-SA 21-0020
FILED 3-4-2021

---

Petition for Special Action from the Superior Court in Yuma County
No.  S1400JD20170164
The Honorable Kathryn E. Stocking-Tate, Judge *Pro Tempore*

**JURISDICTION ACCEPTED AND RELIEF GRANTED**

---

COUNSEL

Arizona Attorney General's Office, Tucson
By Dawn Rachelle Williams
*Counsel for Petitioner*

Meerchaum & Orduno PLLC, Yuma
By Candice Orduno-Crouse
*Counsel for Real Party in Interest*

<hr>

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Jennifer B. Campbell joined.

<hr>

**H O W E**, Judge:

¶1      In this special action, the Department of Child Safety challenges Respondent trial judge's order denying the Department's motion to dismiss the dependency action after establishing a permanent guardian for P.R., Real Party in Interest. Special action jurisdiction is appropriate because the Department has "no equally plain, speedy, and adequate remedy by appeal[,]" *see Levinson v. Jarrett ex rel. Cty. of Maricopa*, 207 Ariz. 472, 474 ¶ 4 (App. 2004), and the issue raised is purely a legal question, with statewide importance, *see State v. Brown*, 210 Ariz. 534, 537 ¶ 6 (App. 2005).

**FACTUAL AND PROCEDURAL HISTORY**

¶2      The Department removed P.R. from her parents shortly after she was born. Respondent adjudicated her dependent and subsequently terminated her mother's and father's parental rights. P.R. was placed with her maternal uncle, Ray F. Respondent appointed a guardian ad litem to protect P.R.'s interests throughout the proceedings.

¶3      Because of Ray's and his significant other's history with the Department in previous dependency proceedings, Respondent did not find adoption appropriate. Respondent did, however, "award the legal and physical custody of the child" to Ray as her permanent guardian "without restriction." The Department then moved to dismiss the dependency since P.R. was no longer a dependent child. Respondent denied the motion at the behest of the guardian ad litem, stating that it wanted continued oversight of the guardianship, relying on A.R.S. § 8–873.01(A), which states that the court shall order reunification services in a pending dependency proceeding for the parent "when a dependency petition is filed on a permanent guardianship." The Department moved to reconsider because A.R.S. § 8–872(J) requires that the "dependency shall be dismissed" on the entry of an order of permanent guardianship. Respondent denied the motion and this special action followed.

**DISCUSSION**

¶4      The Department argues that Respondent was statutorily required under A.R.S. §§ 8–872(J) and 8–201(15) to dismiss the child dependency action after establishing Ray as P.R.'s permanent guardian. We review questions of statutory interpretation *de novo. State v. Potter*, 248 Ariz. 347, 349 ¶ 9 (App. 2020); *see also Gutierrez v. Fox*, 242 Ariz. 259, 264 ¶ 17 (App. 2017). The text of a statute is the most reliable indicator of its meaning. *Potter*, 248 Ariz. at 349 ¶ 9. When the words of a statute are clear and unambiguous, we need not resort to other methods of statutory interpretation to determine the legislature's intent because its intent is readily discernible from the face of the statute. *Id*

¶5      Respondent erred in not dismissing the dependency action after making Ray the permanent guardian. Section 8–872(J) requires that "[o]n the entry of the order establishing a permanent guardianship, the dependency action shall be dismissed." A.R.S. § 8–872(J). The ordinary meaning of "shall" in a statute is to impose a mandatory provision. *See HCZ Const., Inc. v. First Franklin Fin. Corp.*, 199 Ariz. 361, 363 ¶ 10 (App. 2001). The Legislature clearly and unambiguously mandated that when the juvenile court appoints a permanent guardian the juvenile court must dismiss the underlying dependency. A.R.S. § 8-872(J). The definition of "dependent child" also supports this conclusion. A "dependent child" is one who is "[i]n need of proper and effective parental care and control and who has no parent or guardian . . . willing to exercise or capable of exercising such care and control." A.R.S. § 8–201(15)(a)(i). Once Respondent appointed the permanent guardianship, P.R. no longer fit within the definition of "dependent child" and Respondent had to dismiss the dependency. *See* A.R.S. § 8–201(15)(a)(i).

¶6      Real Party in Interest argues that Section 8–873.01(A) permits Respondent to continue the dependency even when a permanent guardianship has been established, but this misreads the statute. Section 8–873.01(A) applies only when a dependency action is filed after the establishment of a permanent guardianship, which is not the case here. Furthermore, notwithstanding the mandatory dismissal of the dependency, A.R.S. § 8–872(J) provides that the court "may order a report and shall set a review to be held within one year following the entry of the final order and may set such other and further proceedings as may be in the best interests of the child." Before the review hearing, the court could require "an investigation [. . .] surrounding the welfare and best interests of the child." The Legislature thus accounted for any reasonable oversight the court desired.

## CONCLUSION

**¶7** For the foregoing reasons, we accept jurisdiction, grant relief, and remand for proceedings consistent with this opinion. On remand, the trial court may exercise its discretion in making any further orders it deems necessary under A.R.S. § 8–872(J).



AMY M. WOOD • Clerk of the Court
FILED:    AA