IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SCOTTSDALE/101 ASSOCIATES, LLC, an Arizona limited liability company; SCOTTSDALE 101 RETAIL, LLC, a Delaware limited liability company, *Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY, a political subdivision of the State of Arizona, *Defendant/Appellee.*

SCOTTSDALE 101 RETAIL, LLC, a Delaware limited liability company, *Plaintiff/Appellant,*

*v.*

MARICOPA COUNTY, a political subdivision of the State of Arizona, *Defendant/Appellee.*

VESTAR DRM-OPCO, LLC, a Delaware limited liability company, *Plaintiff/Appellant*,

*v.*

MARICOPA COUNTY, a political subdivision of the State of Arizona, *Defendant/Appellee.*

No. 1 CA-TX 14-0003
1 CA-TX 14-0008
1 CA-TX 14-0011
1 CA-TX 14-0012
(Consolidated)
FILED 9-29-2015

Appeal from the Arizona Tax Court
No. TX2008-000518, TX2009-000091, ST2008-000083,
TX2008-000519, and TX2009-000041
(Consolidated)
The Honorable Dean M. Fink, Judge

**REVERSED AND REMANDED**

_____

COUNSEL

Ballard Spahr, LLP, Phoenix
By Brian W. LaCorte, Brunn W. Roysden, III
*Counsel for Plaintiffs/Appellants*

Helm, Livesay, Worthington, Ltd., Tempe
By Roberta A. Livesay, Raushanah Daniels
*Counsel for Defendant/Appellee*

_____

**OPINION**

Presiding Judge Kent E. Cattani delivered the opinion of the Court, in which Judge Lawrence F. Winthrop and Judge Randall M. Howe joined.

_____

**C A T T A N I**, Judge:

**¶1**　　　　This consolidated appeal involves a challenge to the property tax classification of properties located on state-owned land. The tax court granted summary judgment in favor of Appellee Maricopa County, concluding that the County properly assessed the properties as shopping centers. For reasons that follow, we conclude that the properties may qualify for mixed-use assessment, and we thus reverse and remand to the tax court for further proceedings consistent with this decision.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　The properties in question are commercial developments located in north Phoenix. Appellants Scottsdale/101 Associates, Inc. and Scottsdale 101 Retail, LLC own Scottsdale 101, a development on state trust land that includes retail shops, restaurants, and a large movie theater complex. Appellant Vestar DRM-OPCO, LLC owns Desert Ridge Marketplace, which is also located on state trust land and consists of retail

shops, restaurants, and a theater complex. We refer to Scottsdale 101 and Desert Ridge Marketplace collectively as "Properties" and to Scottsdale/101 Associates, Inc., Scottsdale 101 Retail, LLC, and Vestar DRM-OPCO, LLC collectively as "Taxpayers."

**¶3** For tax year 2008, Taxpayers filed claims pursuant to Arizona Revised Statutes ("A.R.S.") § 42-16203,[1] which provides a process for challenging (within 60 days) the Board of Equalization's valuation/classification decision. For tax years 2004 through 2007, Taxpayers filed error correction claims pursuant to § 42-16254(G), which provides a means for contesting classification decisions from prior years. *See CNL Hotels & Resorts, Inc. v. Maricopa County*, 230 Ariz. 21, 25, ¶¶ 22–23, 279 P.3d 1183, 1187 (2012).

**¶4** In all four cases, Taxpayers alleged that the County Assessor ("Assessor") improperly classified the movie theaters that are part of the shopping centers as Class One, rather than Class Nine, properties. Class One properties include "real and personal property of shopping centers," A.R.S. § 42-12001(8); Class Nine properties include improvements on government property that are "used exclusively for convention activities or athletic, recreational, entertainment, artistic or cultural facilities." A.R.S. § 42-12009(A)(1)(b).

**¶5** Class One properties are taxed at a higher rate than Class Nine properties; Class Nine provides for preferential tax treatment for specified kinds of private development on government-owned land. *See Scottsdale Princess P'ship v. Maricopa County*, 230 Ariz. 425, 428, ¶ 12, 286 P.3d 174, 177 (App. 2012). For the years in question, under A.R.S. § 42-12001, Class One property had a statutory assessment ratio ranging from 23 ½ percent to 25 percent. A.R.S. § 42-15001(1)–(4). Under § 42-12009, Class Nine property was assessed at one percent. A.R.S. § 42-15009.

**¶6** The tax court granted the County's motions for summary judgment on the basis that the movie theaters met the requirements for treatment as Class One properties, and Taxpayers timely appealed. Because these four cases raise the same legal issue, we consolidated them on appeal.

---

[1] Absent material revisions after the relevant date, we cite a statute's current version unless otherwise indicated.

## DISCUSSION

**¶7** We review de novo the tax court's grant of summary judgment. *Wilderness World, Inc. v. Dep't of Revenue*, 182 Ariz. 196, 198, 895 P.2d 108, 110 (1995). We likewise review de novo the tax court's construction of applicable statutes. *Ariz. Dep't of Revenue v. Cent. Newspapers, Inc.*, 222 Ariz. 626, 629, ¶ 9, 218 P.3d 1083, 1086 (App. 2009). "[W]e liberally construe statutes imposing taxes in favor of taxpayers and against the government." *State ex rel. Ariz. Dep't of Revenue v. Capitol Castings, Inc.*, 207 Ariz. 445, 447, ¶ 10, 88 P.3d 159, 161 (2004). And, we resolve any ambiguities in such statutes in favor of the taxpayer. *People's Choice TV Corp. v. City of Tucson*, 202 Ariz. 401, 403, ¶ 7, 46 P.3d 412, 414 (2002); *see also City of Phoenix v. Borden Co.*, 84 Ariz. 250, 252–53, 326 P.2d 841, 843 (1958) (statutes establishing property tax liability—in contrast to those creating an exemption—are "most strongly construed against the government and in favor of the taxpayer"). At issue here is (1) whether categorization for *valuation* purposes dictates the same categorization for *assessment* purposes, and (2) if an assessment categorization differs from valuation, how to categorize property that satisfies two separate statutory assessment provisions.

## I. The Assessed Valuation Process.

**¶8** Valuation and classification are two factors that together produce a property's "assessed valuation" for property tax purposes. A.R.S. § 42-11001(1).[2] The role of these two factors is depicted on the Assessor's website as follows:



County Assessor    State Legislature

↓        ↓

Establishes    Enacts

↓        ↓

Full Cash Value   X   Assessment Ratio = Assessed Valuation[3]

---

[2] Assessed valuation means "the value derived by applying the applicable percentage prescribed by chapter 15, article 1 of [] title 2 to the full cash value or limited property value of the property, as applicable." A.R.S. § 42-11001(1).

[3] *An Overview of Arizona's Property Tax System*, Maricopa County Assessor's Office, http://mcassessor.maricopa.gov/wp-

The Assessor determines the first factor, valuation, by applying a statutory formula or by estimating the market value of the property. A.R.S. § 42-11001(6). The Legislature determines the second factor, classification, by enacting statutes that determine a property's legal class and corresponding assessment ratio. *See* A.R.S. §§ 42-12001 to -12009; A.R.S. §§ 42-15001 to -15009.

## II. Valuation and Classification Are Separate Determinations.

**¶9** The County argues that, because the Properties were valued in their entirety as shopping centers, they should similarly be classified as shopping centers for assessment purposes. We disagree because valuation and classification, although related, are separate factors in the property tax equation.

**¶10** Chapter 13 of the tax code addresses the "valuation of locally assessed property," and Article Five of that chapter specifically addresses the "valuation of shopping centers." *See* A.R.S. §§ 42-13201 to -13206. By its own terms, the definition of a shopping center for valuation purposes is limited to Chapter 13, Article Five. *See* A.R.S. § 42-13201 ("*In this article*, unless the context otherwise requires, 'shopping center' means an area that is comprised of three or more commercial establishments . . . .") (emphasis added). Classification, in contrast, is determined under Chapter 12, Article One, without a comparable definitional standard. *See* A.R.S. §§ 42-12001 to -12009; A.R.S. §§ 42-15001 to -15009. We thus conclude that categorization for valuation purposes does not necessarily establish categorization for assessment purposes.

## III. Mixed-Use Assessment.

**¶11** Most properties have a single use, and the Assessor thus assigns one classification and applies one corresponding assessment ratio to the property. *See* A.R.S. § 42-15010(A) (2006). Other properties have multiple uses and the Assessor assigns more than one classification and applies a mixed-use assessment ratio. *See* A.R.S. § 42-15010(B) (2006).

**¶12** The Legislature explained the application of mixed-use assessment ratios to mixed-use properties as follows:

> If a parcel of property has more than one percentage applied
> to its full cash value under this section due to multiple uses,

_____

content/uploads/Overview_of_Arizonas_Property_Tax_System.pdf (last visited Sept. 21, 2015).

the assessor shall apply the percentages to the limited property value of the parcel in the same proportion and in the same manner as to the parcel's full cash value.

A.R.S. § 42-15010(B) (2006).[4]

¶13    The Arizona Department of Revenue's Assessment Procedures Manual (2011) ("Manual") includes a chapter devoted to mixed-use assessment.  That chapter provides, in relevant part, as follows:

> **Many properties are used for more than one purpose simultaneously.  These properties, referred to as "mixed-use" properties, <u>must</u> be classified proportionally in the appropriate legal classification, or legal class, for each use occurring on a property.**  That part of a property that is used for each purpose must be valued and assessed according to the statutory standards for each category of property use.  Care must be exercised in calculating the assessment ratios that are applied to full cash values (FCVs) and limited property values (LPVs) when dealing with a property to which two or more legal classifications apply.  **Caution must also be taken in order to avoid any erroneous overall assessment ratios being applied to mixed-use properties.**

(Emphasis added.)[5]

¶14    As part of shopping centers, the theaters satisfied Class One requirements.  But as entertainment venues on government land, the movie theaters also satisfied Class Nine requirements.  Under the circumstances, we conclude that the movie theaters were entitled to tax treatment most

---

[4]    This statute was amended in 2013 to conform to the provisions of Proposition 117, which set a limit on the annual increase in limited property value.  A.R.S. § 42-15010 (2015); 2013 Ariz. Sess. Laws, ch. 66, § 12 (1st Reg. Sess.).  Because the valuations at issue predate the amendment, we apply the prior version of the statute.

[5]    The Legislature has given the Arizona Department of Revenue (the "Department") general oversight responsibilities for Arizona's property tax system.  A.R.S. § 42-1004; A.R.S. §§ 42-11051 to -11056; A.R.S. § 42-13002; *see also Aileen H. Char Life Interest v. Maricopa County*, 208 Ariz. 286, 294, ¶ 19, 93 P.3d 486, 494 (2004) (explaining the court's reliance upon one of the Department's manuals).

favorable to the taxpayer, and thus should have been treated as Class Nine properties.

¶15    We note that there appears to be no question that if there were a movie theater on government land adjacent to a shopping center, the movie theater would be taxed as a Class Nine property. We see no reasoned basis for treating a movie theater within a shopping center parcel differently than a theater on an adjacent parcel.

¶16    Moreover, the record establishes that the Assessor has applied mixed-use assessment ratios to shopping centers under similar circumstances; the County agrees, for example, that day-care centers have been classified as Class Four properties, notwithstanding their location within a shopping center. Contrary to the County's argument, there is no viable basis for concluding that mixed-use assessment can be applied to a day-care center within a shopping center, but not to a movie theater within a shopping center.

¶17    The County further argues that the tax court's decision in this case should be upheld as consistent with *Nordstrom, Inc. v. Maricopa County*, 207 Ariz. 553, 88 P.3d 1165 (App. 2004). In *Nordstrom*, a department store built on a parcel of land adjacent to a shopping center sought to be valued as a shopping center. *Id.* at 557, ¶ 11, 88 P.3d at 1169. This court upheld the tax court's decision that a single store did not meet the definition of shopping center. *Id.* at 555, ¶ 1, 88 P.3d at 1167. Here, we are not faced with that question, and in any event, *Nordstrom* dealt with valuation, not classification. Thus, that decision is not controlling on the issue before us.

¶18    The County also relies on *Scottsdale Princess Partnership* in arguing that Class Nine property cannot be included in a mixed-use assessment. 230 Ariz. 425, 286 P.3d 174. In *Scottsdale Princess Partnership*, the property owner sought Class Nine assessment for an entire hotel on the basis that the hotel was primarily used for convention activities. *See id.* at 426, ¶ 1, 286 P.3d at 175. This court affirmed the tax court's decision that the hotel did not qualify for Class Nine treatment, reasoning in part: "[B]ecause Taxpayer's records did not separate convention income from other admitted, non-convention group income, the Taxpayer failed to meet its burden that the Property was used primarily for convention activities under A.R.S. § 42-12009(A)(1)(b)." *Id.* at 432, ¶ 33, 286 P.3d at 181. The hotel owner did not seek a mixed-use assessment and did not present evidence that a stand-alone portion of the property qualified for Class Nine assessment. Accordingly, the court did not address whether a discrete

portion of a property might qualify for Class Nine treatment, and *Scottsdale Princess Partnership* is thus inapposite.

¶19 Given that the County has applied mixed-use assessment treatment to certain businesses (day-care centers) within a shopping center, and given our obligation to interpret tax statutes in the light most favorable to the taxpayer, we conclude that the tax court erred by holding that movie theaters within a shopping center on government property must be classified as Class One properties.

¶20 We note that a statutory amendment has rendered this issue moot for tax years after 2009. After adopting legislation amending the definition of Class Nine to include property leased to charter schools, the Legislature simultaneously amended the definition of Class One property to specifically *exclude* from that category any portion of shopping center property that qualifies for Class Nine treatment. 2009 Ariz. Sess. Laws ch. 87. The statute defining Class One now provides as follows:

> For purposes of taxation, class one is established consisting of the following subclasses:
>
> . . .
>
> Real and personal property of shopping centers that are valued at full cash value or pursuant to chapter 13, article 5 of this title, as applicable, **other than property that is included in class nine**.

A.R.S. § 42-12001(8) (2015) (emphasis added).

¶21 We recognize that the Legislature's change to § 42-12001(8) was arguably unnecessary under our interpretation of the 2006 statute. But the amendment clarified the statutory ambiguity that this opinion addresses and made clear the Legislature's intent that Class Nine property be classified as such, notwithstanding its location within a shopping center.

¶22 Finally, Taxpayers request an award of attorney's fees on appeal pursuant to A.R.S. § 12-348, which authorizes us to award attorney's fees to parties who bring an action challenging the assessment or collection of taxes. *See* A.R.S. § 12-348(B). In the exercise of that discretion, we award Taxpayers their reasonable attorney's fees on appeal subject to the limitation imposed by § 12-348(E)(5).

## CONCLUSION

**¶23** For the foregoing reasons, we reverse and remand to the tax court to determine whether the movie theaters in these consolidated cases qualify as Class Nine properties.



Ruth A. Willingham · Clerk of the Court
FILED: ama