IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

—————————

**DIANE M. FLYNN AND ROBERT FLYNN, WIFE AND HUSBAND**
*Plaintiffs/Appellants,*

*v.*

**SARAH W. CAMPBELL,**
*Defendant/Appellee.*

—————————

No. CV-16-0199-PR
Filed September 22, 2017

—————————

Appeal from the Superior Court in Maricopa County
The Honorable Thomas L. LeClaire, Judge
No. CV2014-055536
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
240 Ariz. 264 (App. 2016)
**VACATED**

—————————

COUNSEL:

Daryl Manhart, Melissa Iyer Julian (argued), Burch & Cracchiolo, P.A.,
Phoenix; and Thomas M. Richardson, Friedl & Richardson, Phoenix,
Attorneys for Diane Flynn and Robert Flynn

Jonathan P. Barnes, Jr., (argued), Jones, Skelton & Hochuli, P.L.C.,
Phoenix, Attorney for Sarah W. Campbell

Christopher Robbins, Hill, Hall & DeCiancio, PLC, Phoenix, Attorney for
Amicus Curiae Arizona Association of Defense Counsel

Stanley G. Feldman, Miller, Pitt, Feldman & McAnally, P.C., Tucson; and
David L. Abney, Ahwatukee Legal Office, P.C., Phoenix, Attorneys for
Amicus Curiae Arizona Association for Justice/Arizona Trial Lawyers
Association

—————————

JUSTICE LOPEZ authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL, TIMMER, BOLICK and GOULD joined.

JUSTICE LOPEZ, opinion of the Court:

¶1　　　　We hold that under Rule 15(c), Arizona Rules of Civil Procedure, an amended complaint naming a new defendant relates back to the original complaint if the newly added defendant knew or should have known the plaintiff mistakenly failed to name him or her as a party in the original complaint.

## BACKGROUND

¶2　　　　On October 17, 2012, Diane Flynn was injured in a car accident with Sarah Campbell. At the accident scene, a police officer gave Flynn a "crash report" that identified Campbell's insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), the policy number, and the insurer's phone number. Flynn later contacted State Farm to report the accident.

¶3　　　　On October 16, 2014, one day before the two-year statute of limitations expired, Flynn, representing herself, sued State Farm. In her complaint ("original complaint"), Flynn alleged that State Farm's insured caused the collision by "recklessness, carelessness, and negligence," that State Farm had "assumed full responsibility for its insured's actions," and that it had "intentionally delayed, postponed, or otherwise disregarded the resolution of this matter; at times providing false information to [Flynn]," resulting in compensatory damages of $37,500 and requesting $200,000 in punitive damages.

¶4　　　　State Farm moved to dismiss the original complaint, arguing Flynn did not have a cause of action because "in Arizona there is no right of direct action against an insurance carrier for damages claimed as a result of an accident with one of its insureds." Before the superior court could rule on the motion, Flynn retained counsel, and, on November 24, 2014, filed an amended complaint removing State Farm, naming Campbell (and several fictitious parties) as defendants, and alleging negligence.

2

¶5        Campbell, on December 22, 2014—still within the period to serve the original complaint and summons under Arizona Rule of Civil Procedure 4(i)—moved to dismiss the amended complaint, arguing it did "not 'relate back' under Rule 15(c)" and was therefore time-barred. The superior court dismissed the amended complaint, finding Flynn "committed a mistake of law [and] not a mistake of fact" because she was "aware of the identity of the driver." The court of appeals reversed, holding Flynn's mistake cognizable under Rule 15(c) as "a mistake concerning the identity of the proper party." *Flynn v. Campbell*, 240 Ariz. 264, 269 ¶ 18 (App. 2016).

¶6        We granted review because the standard for allowing "relation back" of pleadings under Rule 15(c) presents a recurring issue of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

### I.        Standard of Review

¶7        We review the interpretation of a rule of civil procedure de novo. *Pima Cty. v. Pima Cty. Law Enf't Merit Sys. Council*, 211 Ariz. 224, 227 ¶ 13 (2005). A superior court, in analyzing a motion under Rule 15(c), determines "through reference to the original complaint, analysis of affidavits or other evidence submitted by the parties, and by applying common sense" whether a cognizable mistake occurred, and the burden is on the plaintiff to establish such a mistake. *Tyman v. Hintz Concrete, Inc.*, 214 Ariz. 73, 76–77 ¶ 22 (2006).

### II.        Arizona Rule of Civil Procedure 15(c)

¶8        Rule 15(c) provides:

   **(c) Relation Back of Amendments.[1]**

_____

[1] We apply the 2017 version of Rule 15(c). *See* Ariz. R. Civ. P. 81(b)(2)(B) ("Upon the effective date, a rule or amendment governs . . . proceedings after that date in a pending action unless . . . the court determines that applying the rule or amendment in a particular action would be infeasible

(1) *Amendment Adding Claim or Defense.* An amendment relates back to the date of the original pleading if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

(2) *Amendment Changing Party.* An amendment changing the party against whom a claim is asserted relates back if:

　(A) Rule 15(c)(1) is satisfied; and

　(B) within the applicable limitations period—plus the period provided in Rule 4(i) for the service of the summons and complaint—the party to be brought in by amendment:

　　(i) has received such notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits; and

　　(ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(3) *Service.* Service of process in compliance with Rule 4.1(h), (i), or (j) satisfies Rule 15(c)(2)(B)(i) and (ii) with respect to the state, county, or municipal corporation—or any agency or officer of those entities—to be brought into the action as a defendant.

**¶9**　　　　Arizona's Rule 15(c) is modeled after its federal counterpart. *See Tyman*, 214 Ariz. at 74 ¶ 9; *see also In re Establishment of the Task Force on the Ariz. Rules of Civil Procedure*, Admin. Order No. 2014-116 (2014) (establishing a task force to, among other things, "avoid unintended variation from language in counterpart federal rules"). Although a federal court's interpretation of a federal procedural rule is "not binding in the

_____

or work an injustice, in which event the former rule or procedure applies."). The relevant portions of the Rule are substantially similar to the former version and any differences do not affect our analysis or conclusion.

construction of our rule," we recognize its instructive and persuasive value and that "uniformity in interpretation of our rules and the federal rules is highly desirable." *Orme Sch. v. Reeves*, 166 Ariz. 301, 304 (1990). The only difference between the two relevant Rule 15(c) subsections—Arizona Rule 15(c)(2)(B)(ii) and Federal Rule 15(c)(1)(C)(ii)—is the location of the dependent clause "but for a mistake concerning the identity of the proper party."[2] Because this difference does not create divergent meanings, the federal courts' interpretation of the federal rule is persuasive.

**¶10** Rule 15(c)'s purpose is "to ameliorate the effect of the statute of limitations." *Tyman*, 214 Ariz. at 74 ¶ 9 (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497 (2d ed. 1990) (describing Fed. R. Civ. P. 15(c))). In applying Rule 15(c), however, we recognize that "[s]tatutes of limitations afford substantial rights to prospective defendants," including protection from stale claims and uncertainty about potential unresolved claims. *Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 464 (1990). We also interpret procedural rules "to maximize the likelihood of a decision on the merits." *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287 (1995) (citing Rule 1's mandate to construe rules in a "just" manner). Rule 15(c), as the United States Supreme Court has succinctly explained, serves to "balance the interests of the defendant protected by the statute of limitations with the preference . . . for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010).

**¶11** Four conditions must exist for an amended complaint to relate back under Rule 15(c): (1) the claim in the amended pleading "arose out of the conduct, transaction, or occurrence" of the original pleading, Ariz. R. Civ. P. 15(c)(1); (2) the party to be joined by amendment received notice of the action within the applicable limitations period plus the time for the service of the summons and original complaint, Ariz. R. Civ. P. 15(c)(2)(B); (3) the notice is sufficient to avoid prejudicing the joined defendant's ability to defend on the merits, Ariz. R. Civ. P. 15(c)(2)(B)(i); and (4) within that same period, the party to be joined by amendment "knew or should have known that, but for a mistake concerning the identity

---

[2] Federal Rule 15(c)(1)(C)(ii) reads: "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

of the proper party," plaintiff would have named the proper party in the original complaint, Ariz. R. Civ. P. 15(c)(2)(B)(ii). *Tyman*, 214 Ariz. at 74–75 ¶ 9.

**¶12** Here, there is no dispute that Flynn's amended complaint met the first three requirements: (1) the amended complaint arose out of the same car accident as the original complaint; (2) Campbell received actual notice of the amended complaint within the applicable statute of limitations plus the time for service of the summons and original complaint; and (3) Campbell received sufficient notice to defend on the merits.

**¶13** The central issue, thus, is whether Flynn's decision to sue State Farm rather than Campbell is cognizable under Rule 15(c)(2)(B)(ii): first, whether Campbell knew or should have known that the action would have been brought against her, but for a mistake concerning the identity of the proper party; and second, whether Flynn's decision to sue State Farm is a mistake "concerning the identity of the proper party."

**¶14** Before we consider the merits, we reconsider our Rule 15(c) approach in light of the United States Supreme Court's decision in *Krupski*, which post-dated our decision in *Tyman* by four years. The Court decided *Krupski* "to resolve tension among the Circuits over the breadth of Rule 15(c)(1)(C)(ii)" regarding mistakes of law. *Krupski*, 560 U.S. at 546.

**¶15** Campbell argues that the court of appeals, instead of relying on *Krupski*, should have followed *Tyman*, which quoted *Leonard v. Parry*, 219 F.3d 25 (1st Cir. 2000), for the proposition that "a mistake of law by counsel regarding whom to name in a lawsuit" is not a cognizable Rule 15(c)(2) mistake. *Tyman*, 214 Ariz. at 76 ¶ 21 (internal quotation marks omitted). In another court of appeals case, a concurring opinion urged this Court to resolve the tension between *Krupski* and *Tyman*. *See Sundevil Power Holdings, LLC v. Ariz. Dep't of Revenue*, 240 Ariz. 339, 348–50 ¶¶ 32, 37, 40 (App. 2016) (Kessler, J., specially concurring).

**¶16** We adopt *Krupski*'s Rule 15(c) analysis because it is more consistent with the Rule's text and purpose. Under this approach, we first ask whether the defendant rather than the plaintiff knew or should have known that, absent some mistake, the action would have been brought against him or her. *Krupski*, 560 U.S. at 548. In this regard, we depart from

6

*Tyman* in that we now focus our inquiry on the defendant rather than the plaintiff. *Compare id.* ("Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity."), *with Tyman*, 214 Ariz. at 76 ¶ 19 ("[W]hat the plaintiff knew (or thought he knew) at the time of the original pleading generally is the relevant datum in respect to the question of whether a mistake concerning identity actually took place." (internal quotation marks omitted)). We also reject Campbell's claim that a "mistake of law" does not qualify under Rule 15(c) and clarify that a mistake—factual or legal—is cognizable under the Rule, if it is not "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties." *Krupski*, 560 U.S. at 549. This approach comports with Rule 15(c)(2)(B)(ii)'s text, which neither excludes legal mistakes nor distinguishes between types of mistakes concerning the proper party's identity. *See Leonard*, 219 F.3d at 29 (noting that Rule 15(c) "does not distinguish among types of mistakes concerning identity"). Accordingly, we overrule *Tyman*, and disapprove *Sundevil Power* and *O'Keefe v. Grenke*, 170 Ariz. 460 (App. 1992), to the extent they are inconsistent with our Rule 15(c) analysis here.

### III.    Campbell's Knowledge

¶17        We begin our analysis by determining whether Campbell knew or should have known that Flynn, but for her mistake regarding the proper party, would have named Campbell as the defendant in her original complaint. Ariz. R. Civ. P. 15(c)(2)(B)(ii); *Krupski*, 560 U.S. at 549. We assess a defendant's knowledge within the applicable limitations period—plus the period provided in Rule 4(i) for the service of the summons and complaint. *See Krupski*, 560 U.S. at 548. However, a prospective defendant's mere "[n]otice of the suit does not necessarily establish that knowledge." *O'Keefe*, 170 Ariz. at 466.

¶18        In determining whether a Rule 15(c)(2) mistake exists, the court must decide whether a plaintiff with accurate and complete knowledge regarding the role and liability of the proper party would have brought the action against that party. *See Tyman*, 214 Ariz. at 76 ¶ 19. "[I]t would be error to conflate knowledge of a party's existence with the absence of mistake" because it is possible for a plaintiff to know about a prospective defendant "while misunderstanding [its] role[]" in the event

7

giving rise to her claim. *Krupski*, 560 U.S. at 548–49; *see also Tyman*, 214 Ariz. at 76 ¶ 21 ("Lack of knowledge as to the appropriate defendant—as opposed to a mistaken belief that a defendant is liable—does not constitute a Rule 15(c)(2) mistake."). Thus, a plaintiff's confusion concerning a party's role in the "'conduct, transaction, or occurrence' giving rise to her claim" constitutes a cognizable Rule 15(c) mistake. *Krupski*, 560 U.S. at 549. "Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* at 548. "The reasonableness of the mistake is not itself at issue." *Id.* at 549.

¶19 Here, Campbell argues that the amended complaint does not relate back because she could have believed Flynn "strategically decided to sue State Farm." This argument is unpersuasive. First, the original complaint exhibited Flynn's mistaken belief that State Farm was the proper defendant because it alleged State Farm had "assumed full responsibility" to pay for damage to Flynn caused by Campbell, and it alleged both a claim against State Farm and sought compensatory damages for injuries caused by its insured. As the superior court noted, "it seems readily evident that Plaintiffs wrongfully assumed they could sue the insurance company because ultimately the insurance company paid the claim." Second, Flynn's claim against State Farm for Campbell's negligence was precluded as a matter of law. *See Nationwide Mut. Ins. Co. v. Ariz. Health Care Cost Containment Sys.*, 166 Ariz. 514, 517 (App. 1990) ("[A]n injured person has no direct cause of action against a tortfeasor's insurance company."). Campbell has "articulated no strategy that [she] could reasonably have thought [Flynn] was pursuing in suing a defendant that was legally unable to provide relief," at least with respect to her negligence claim. *Krupski*, 560 U.S. at 555 (reasoning that even if a plaintiff's mistake is not reasonable, the defendant still could understand that the plaintiff "harbor[s] a misunderstanding about his status or role in the events giving rise to the claim at issue and she may mistakenly choose to sue a different defendant based on that misimpression")

¶20 Campbell cannot credibly claim, under these circumstances, that she was unaware that Flynn's decision to sue State Farm was an inadvertent legal error. Accordingly, we conclude on this record that Campbell knew or should have known, for purposes of Rule 15(c)(2)(B)(ii),

that Flynn would have sued her, but for Flynn's mistake concerning the proper party's identity.

### III.    Mistake Concerning the Proper Party's Identity

**¶21**        We next determine whether Flynn's decision to sue State Farm rather than Campbell is a cognizable mistake. *See id.* at 549. A mistake—factual or legal—is cognizable under Rule 15(c) if it is not "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties." *Id.*

**¶22**        "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id.* at 552. Intentionally suing one party instead of another "while fully understanding the factual and legal differences between the two parties," does not constitute a mistake regarding the proper party's identity. *Id.* at 549. Consequently, if a plaintiff makes a deliberate choice to sue one party instead of another for litigation advantage, however ill-advised and fairly characterized as legal error, it is a strategic decision and is not cognizable under Rule 15(c) as a mistake concerning the identity of a proper party. *See Tyman*, 214 Ariz. at 76–77 ¶¶ 21, 23 (holding plaintiff's decision to sue fictitious defendants was not cognizable under Rule 15(c) because it was not a mistake at all; she sued them as placeholder defendants for the strategic purpose of tolling the statute of limitations as she sought to identify the liable parties).

**¶23**        Here, Flynn erred by suing State Farm rather than Campbell because the law precluded her negligence cause of action. *See Nationwide Mut. Ins. Co.*, 166 Ariz. at 517. Flynn's suit against State Farm was clearly a mistake, an action "proceeding from faulty judgment, inadequate knowledge, or inattention." *Tyman*, 214 Ariz. at 76 ¶ 19 (quoting *Webster's Ninth New Collegiate Dictionary* (1983)'s definition of mistake) (internal quotation marks omitted). As we have discussed, *supra* ¶¶ 19–20, Campbell was, or should have been, aware that Flynn would have sued her in the original complaint, but for a mistake concerning the proper party's identity. Although Flynn may have intended to state a claim against State Farm,

Flynn obviously misunderstood the legal significance of State Farm's role. *Cf. Krupski*, 560 U.S. at 543, 549 (finding a Rule 15(c) error where plaintiff suffered an injury on a cruise ship and mistakenly sued the "sales and marketing agent" for the cruise ship carrier rather than the carrier as the responsible party). Also, in her original complaint Flynn named Campbell as the driver who caused the accident. We conclude Flynn's mistake falls under Rule 15(c) because it was not a deliberate strategic decision, but rather resulted from confusion concerning the correct party to sue. *See id.*, 560 U.S. at 549 (stating that a Rule 15(c) mistake occurs where a plaintiff mistakenly chooses to sue a different defendant based upon a misimpression of the defendant's status or role in the events giving rise to the claim); *Tyman*, 214 Ariz. at 76 ¶ 21 (acknowledging that a mistaken belief that a defendant is liable constitutes a Rule 15(c)(2) mistake).

## IV. Pro Se Status

**¶24** Campbell argues that considering a pro se plaintiff's status in the Rule 15(c) context will nullify the statute of limitations for unrepresented parties and create two different relation-back standards. We disagree. We hold unrepresented litigants in Arizona to the same standards as attorneys. *Smith v. Rabb*, 95 Ariz. 49, 53 (1963). Therefore, in applying Rule 15(c), courts may not afford special leniency to pro se litigants.

**¶25** A pro se litigant's lack of legal knowledge, however, may be relevant when assessing whether the plaintiff made a deliberate strategic decision rather than a mistake concerning the identity of the proper party. Ignorance of the law, while not an excuse for noncompliance with procedural rules, may inform the question of whether an unrepresented party made a cognizable Rule 15(c) mistake.

**¶26** Under Rule 15(c), an amended complaint relates back to the date of the original complaint only if all four of the Rule's requirements are met. Contrary to Campbell's assertion, recognizing a pro se plaintiff's status will not allow plaintiffs to revive the strategy rejected in *Tyman*—seeking to avoid the statute of limitations by suing parties they know are not liable—because such deliberate, purposeful strategic decisions, whether pursued by counsel or a pro se litigant, are not mistakes under Rule 15(c). *Cf. Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995) (declining to apply relation back where pro se plaintiff "was not 'mistaken'

for purposes of rule 15(c)" because he disregarded the court's instruction to name proper defendants in amended complaint), *modified*, 74 F.3d 1366 (2d Cir. 1996). A prospective defendant, however, "who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity" is not entitled to a windfall repose. *Krupski*, 560 U.S. at 550. This approach advances the policy underlying Rule 15(c) and comports with Rule 15(a)(2), which allows parties to amend pleadings "when justice requires." Ariz. R. Civ. P. 15(a)(2) ("Leave to amend must be freely given when justice requires."). These procedural safeguards appropriately balance defendants' legitimate interests in repose with our strong preference for merits determinations.

## CONCLUSION

**¶27** We vacate the court of appeals' opinion and reverse the superior court's order dismissing Flynn's complaint. We remand to that court for further proceedings consistent with this opinion.